# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Julio Mayen_____  
Appellant(s),

vs.

NEW PENN FINANCIAL, LLC  
Dba SHELLPOINT MORTGAGE  
SERVICING_____  
Appellee(s).

9th Cir. Case No. 19-55996_____

District Court ~~or~~  
~~BAP~~ Case No. 17-CV-50 JLS_____

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

    a. What is the date of the judgment or order that you want this court to review? August 12, 2019__

    b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: _No_____

      - If you did, on what date did you file the motion? ____N/A_____

      - ~~For prisoners or detainees, what date did you give the motion to prison authorities for mailing?~~ ___N/A_____

      - ~~What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment?~~ ____N/A_____

    c. What date did you file your notice of appeal? _August 23, 2019_____

- ~~For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing?~~ _N/A_____

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case?

   1. Resurgent Mortgage Servicing, a company unknown to appellant, sent a demand letter with account number(s) unknown to appellant, demanding payment(s) for unknown, unverified and obscure amounts.

   2. Resurgent Mortgage Servicing's demand letter was sent without proof of standing in the shoes of Countrywide, a defunct financial institution, the alleged original lender/ creditor.

   3. Appellant does not know Resurgent Mortgage Servicing and has never signed or entered into a contract of any kind or done business with Resurgent Mortgage Servicing.

   4. Within 30 days of receipt of Resurgent's demand letter, appellant sent a letter disputing the debt & request for validation pursuant to 15 USC 1692g.

   5. Resurgent Mortgage Servicing never responded to appellant's debt dispute & validation request.

   6. About 2 months later, Shellpoint Mortgage Servicing a/k/a New Penn Financial, LLC., a company unknown to appellant, sent a demand letter with account number(s) unknown to appellant, stating they had acquired Resurgent Mortgage Servicing and were demanding payment(s) for unknown, unverified and obscure amounts.

   7. Shellpoint's demand letter was sent without proof of standing in the shoes of Countrywide, a defunct financial institution, the alleged original lender/ creditor.

   8. Appellant does not know Shellpoint Mortgage Servicing a/k/a New Penn Financial, LLC, and has never signed or entered into a contract of any kind

or done any business with Shellpoint Mortgage Servicing a/k/a New Penn Financial, LLC.

9.  Within 30 days of receipt of Shellpoint's demand letter, appellant sent a 2nd letter disputing the debt & request for validation pursuant to 15 USC 1692g.

10. Shellpoint is a "debt collector" under the definition of the FDCPA and confirmed by the district court.

11. Shellpoint repeatedly provided erroneous, false and misleading information and never validated the debt.

12. Shellpoint stated repeatedly that The Bank of New York at trustee for CWMBS 2005-07 (BONY), is the "owner" of appellant's alleged loan.

13. BONY has rejected and denounced being the owner/ creditor of the alleged loan/ debt on three (3) separate occasions in writing.

14. Shellpoint by providing this false information violated the FDCPA and RFDCPA.

15. Shellpoint by failing to identify a bona fide "creditor" cannot prove agency beyond an unauthorized debt collector.

16. Shellpoint has not identified a bona fide successor creditor to Countrywide, the defunct alleged original creditor.

17. Shellpoint continues to send demands for payment to this day without addressing billing error dispute.

18. Shellpoint conduct, without it's agency being established by a bona fide "creditor", has violated the FDCPA, RFDCPA and more.

19. Akerman, LLP, the Attorney firm for Shellpoint didn't and has not proven standing via a showing an agency relationship with any presumed creditor. Agency cannot be established out of the mouth of the agent.

20. The judges abused discretion of the court by granting the factual sufficiency of the validity of the letter without establishing that a debt was owed to the alleged creditor as could only be shown by the alleged creditor being in the

chain of title to the alleged promissory note that gave rise to any alleged debt.

**PROCEEDINGS BEFORE THE DISTRICT COURT ~~OR THE BAP~~.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court ~~or the BAP~~ to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

   To justly adjudicate my claims including awarding damages.

4. What legal claim or claims did you raise in the district court ~~or at the BAP~~?

   1. **FDCPA**
      a. 15 USC § 1692g(b) – Failure to validate alleged debt.
      b. 15 USC § 1692g(b) – Continued collection activity of a disputed debt.
      c. 15 USC § 1692e(2)A – Giving false and misleading information, falsely represented the character, amount and legal status of alleged debt.

   2. **RFDCPA**
      a. CCC 1788.17 – Failure to validate alleged debt.
      b. CCC 1788.17 – Continued collection activity of a disputed debt.
      d. CCC 1788.17 – Giving false and misleading information, falsely represented the character, amount and legal status of alleged debt.

5. **~~Exhaustion of Administrative Remedies.~~** ~~For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.~~ N/A

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court ~~or the BAP~~ did wrong?

    1. **Proposition I**: The Trial Court abused discretion by dismissing Appellant's claim based on misapplication of the doctrine of Judicial Estoppel where nowhere is found a Judicial Order adjudicating the claims of Appellant such as would impose claim preclusion on Appellant's claims.

    2. **Proposition II**: The Trial Court abused discretion by invading the province of the jury which, as a matter of law, has the assigned duty to determine the facts of a case by departing from Rules made for Court to determine the law of the case, to wit:

        a. If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, proper procedure is not to dismiss for failure to state a claim but move for more definite statement. *Frito-Lay, Inc. v. WAPCO constructors, Inc.*, D.C.La 1981, 520 F.Supp. 186.

        b. Consideration of matters beyond complaint is improper in context of motion to dismiss. *Harvey M. Jasper Retirement Trust v. Ivax Corp.,* S.D.Fla. 1995, 920 F.Supp. 1260. Federal Civil Procedure 1832.

        c. To resolve motion to dismiss, court must accept as true all factual allegations in complaint, construe record in favor of plaintiffs, and decide whether, as matter of law, plaintiffs could prove no set of facts which would entitle them to relief. *Parker v. Wakelin,* D.Me.1995, 882 F.Supp. 1131. Federal Civil Procedure 1829; Federal Civil Procedure 1835.

        d. Court's duty in deciding a motion to dismiss was to draw all reasonable assumptions in favor of non-moving party. *Scotece v. Prudential Ins. Co. of America,* E.D.Va.2004, 322 F.supp.2d 680. Federal Civil Procedure 1829.

e. When evaluating motion to dismiss court must assume all facts pleaded by plaintiff in complaint are true and must draw all inferences in light most favorable to plaintiff. *Gottesman v. Fischer,* N.D.Ga.1996, 922 F.Supp. 605. Federal Civil Procedure 1829; Federal civil Procedure 1835.

f. Trial court, in ruling on motion to dismiss, is required to view complaint in light most favorable to plaintiff. *Hicks v. Lewis*, M.D.Fla.1995, 904 F.Supp. 1368. Federal Civil Procedure 1829.

g. Court's function on motion to dismiss is not to weigh evidence which might be presented at trial, but merely to determine whether complaint itself is legally sufficient. *Duncan v. Santaniello,* D.Mass.1995, 900 F.Supp. 547. Federal Civil Procedure 1827.1; Federal Civil Procedure 1831.

h. In deciding motion to dismiss, function of district court is to test legal sufficiency of complaint. *City of Toledo v. Beazer Materials and Services, Inc.,* N.D.Ohio 1993, 833 F.Supp. 646. Federal Civil Procedure 1722.

i. Court's task in deciding motion to dismiss is simply to determine whether complaint is legally sufficient, not to weigh evidence that might be presented at trial. *Inn Chu Trading Co., Ltd. v. Sara Lee Corp.,* S.D.N.Y.1992, 810 F.Supp. 501. Federal Civil Procedure 1829.

j. In context of motion to dismiss, since plaintiff's well-pleaded facts are ordinarily accepted as true, there is usually correct assumption that discovery will not aid the court in evaluating legal sufficiency of complaint. *Noonan v. Winston Co.,* D.Mass.1995, 902 F.Supp. 298, affirmed 135 F.3d 85, rehearing denied. Federal Civil Procedure 1828.

k. Court will not dismiss complaint merely because plaintiff's allegations do not support particular legal theory advanced, as court is under duty to examine complaint to determine if allegations provide basis for relief under any possible theory.

*Espinoza v. Fry's Food Stores of Arizona, Inc.,* D.Ariz.1990, 806 F.Supp. 855. Federal Civil Procedure 1771.

l. Because federal courts simply require "notice pleading," complaint need not specify correct legal theory nor point to right statute to survive motion to dismiss. *Illinois Constructors Corp. v. Morency & Assocviates, Inc.,* N.D.Ill.1992, 802 F.Supp. 185, reconsideration denied. Federal Civil Procedure 1829.

m. When complaint is submitted pro se, allegations, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers, and in cases in which a pro se plaintiff is faced with motion to dismiss, it is appropriate for court to consider materials outside of complaint to the extent they are consistent with allegations in complaint. *Donhauser v. Goord,* N.D.N.Y.2004, 314 F.Supp.2d 119. Federal Civil Procedure 657.5(1); Federal Civil Procedure 1832.

n. ***Diaz v. Nat'l Default Servicing*** (D. Nev., Dec. 12, 2011, 2:11-CV-1208 JCM (CWH)) [pp. 2-3] This court is required to construe the "inartful pleading[s]" of *pro se* litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "It is settled law that the allegations of a [ *pro se* litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Ninth Circuit "continue[s] to construe *pro se* filings liberally when evaluating them under *Iqbal*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

o. Nevertheless, this court is bound by the Supreme Court's admonition to treat *pro se* pleadings liberally. *See Hughes*, 449 U.S. at 9. While plaintiff's *pro se* complaint might not have survived a motion to dismiss had it been a "formal pleading[] drafted by lawyers," *id.*, the court finds that there is sufficient well-pleaded factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. As *a pro se* litigant, the court "affords [plaintiff] the benefit of any doubt." *Hebbe*, 627 F.3d at 342. The complaint sufficiently provides "the defendant fair notice

of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

p. ***Brown v. Card Service Center*** (3d Cir. 2006) 464 F.3d 450 Analyzing lender-debtor communications from this perspective is consistent with "basic consumer-protection principles." United States v. Nat'l Fin. Servs., 98 F.3d 131, 136 (4th Cir. 1996). As the Second Circuit has observed, "[t]he basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law[1].

q. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). That it may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish that statement's "power to deceive others less experienced." Federal Trade Comm'n v. Standard Educ. Soc'y, 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141 (1937). As Justice Black has observed, our laws "are made to protect the trusting as well as the suspicious," and this is particularly the case within the realm of consumer protection 454 law. Id. Bearing all of this in mind, *454 we conclude that any lender debtor communications potentially giving rise to claims under the FDCPA, such as the CSC Letter, should be analyzed from the perspective of the least sophisticated debtor.

> 1 For our purposes, "least sophisticated debtor" and "least sophisticated consumer" can be used interchangeably. Our analysis of the least sophisticated debtor/consumer standard focuses on the level of sophistication, rather than whether the purported debtor actually owes the debt claimed. See Graziano, 950 F.2d at 111 n. 5 (noting the distinction in terminology, but ultimately deciding to employ "least sophisticated debtor" in a Third Circuit FDCPA case)

r. The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or

9th Cir. Case No. 19-55996_____                                                              Page 9

mislead the least sophisticated debtor. Quadramed 225 F.3d at 354(internal quotation marks and citation omitted). This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect "all consumers, the gullible as well as the shrewd," "the trusting as well as the suspicious," from abusive debt collection practices. However, while the least sophisticated debtor standard protects naive consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Quadramed 225 F.3d at 354-55 (internal quotation marks and citation omitted).[2]

> 2   Other Courts of Appeals have also approached the adjudication of matters under the Act from the perspective of the least sophisticated debtor or consumer. See, e.g., Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1226-30 (9th Cir. 1988) (adopting the least sophisticated debtor standard in a case relating to FDCPA claims under §§ 1692a, 1692c and 1692e); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the `least sophisticated consumer' in determining whether a collection letter violates section 1692e."); Smith v. Transworld Sys., 953 F.2d 1025, 1028-30 (6th Cir. 1992) (applying the least sophisticated consumer standard in a case relating to FDCPA claims under § § 1692e and 1692g) Jeter v. Credit Bureau, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the least sophisticated consumer standard in addressing FDCPA claims under the §§ 1692d and 1692e); Nat'l Fin. Servs., 98 F.3d at 135-36, 139 (citing with approval the district court's application of the least sophisticated consumer standard to a debtor's § 1692e claim)

7.  Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: ____Some_____

    If not, why not?  Judicial estoppel was not ruled on until last order by the district court.

9th Cir. Case No. 19-55996_____                                Page 10

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

   Please see listed in section 6 above.
   This is not an exhaustive list.

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

   No

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

    No

In conclusion - Determination by this Appellate Court that the trial court misapplied the doctrine of judicial estoppel where the pleadings failed to cite a judicial ruling that would impose claim preclusion and considered matters extra-judicially by failing to adhere to rulings and determinations in re dismissal of complaints, both in contravention of the least sophisticated consumer standard as illustrated in (*Brown v. Card Service Center* (3d Cir. 2006) 464 F.3d 450) justly requires reversal of the court's decision dismissing Appellant's complaint with instruction to go forward in re Appellant's complaint with a pretrial scheduling order observing both parties procedural due process right to discovery.

Julio Mayen_____                s/ Julio Mayen_____
Name                                                Signature

_____
15335 Castle Peak Lane _____

Jamul, CA  91935_____                January 31, 2023_____
Address                                             Date